## OCEAN CARRIERS CO., Inc., v. A CARGO OF CORK et al.

Circuit Court of Appeals, Second Circuit.
January 7, 1929.

No. 115.

Burlingham, Veeder, Masten & Fearey, of New York City (William J. Dean, of New York City, of counsel), for appellants.

Duncan & Mount, of New York City (John A. McManus, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. The record in this case is confused, but there is no question that the respondent failed on March 5th to take the cargo as delivered. If it had wished to assort the parcels by the chop marks, it should have provided sufficient space upon the pier for that purpose. The libelant was responsible only for delivery according to the "main marks," and there was room enough for such assortment, had the respondent been there to accept delivery. As it was not, the cargo had to be piled up in the space provided, and the initial congestion remained, required stowage in the storage lighters, and prevent-

ed the discharge from going on as prearranged. The added expenses of the discharge seem to us to be on the respondent's account, as the court held.

■ The demurrage stands upon a different basis. We do not think that the discharge of the other cargo was proved to have interfered with the discharge of the cork. However, in the estimates made for the proper time of discharge, good weather was probably presupposed. This requires a reduction in the amount of demurrage. The discharge began on Monday, March 5th, at 8 a. m., and finished on March 14th, at midnight, 10 days. The cargo could have been discharged in 5 days, according to the only evidence; that is, by 5 p. m. Friday. There was bad weather for half a day on March 6th and March 7th, which extended the lay days to Saturday, the 10th, at 5 p. m. As Saturday was a half holiday and Sunday a whole holiday, the lay days were extended to Monday, March 12th, at 1 p. m. But there was rain again on Monday morning, so that the whole of Monday was on the vessel's account. It follows that demurrage should be allowed for only 2 days, which, at $235 a day, is $470.

The decree is affirmed, with a reduction in demurrage of $705.